Buckner *vs.* Thompson.

ARNOLD & LAY, for plaintiff in error.

I. G. WILSON, for defendant in error.

CHARLES BUCKNER, plaintiff in error, *vs.* JAMES THOMPSON, defendant in error.

*Agreed case from McHenry.*

Where actions are brought before a justice of the peace on two notes, returnable at the same time, which, if consolidated, would exceed one hundred dollars, a judgment on the first note is not a bar to a judgment on the second. Each note constitutes a separate demand.
If a controversy exists as to the amount of a set-off, a party is not bound to give credit before the commencement of a suit, for the exact amount to which the trial may show the party entitled.

This agreed case shows, that two actions were brought by Thompson against Buckner, on the same day, and returnable before a justice of the peace on the same day. One of the cases was called, and Buckner pleaded payment and an off-set. The justice rendered judgment for Buckner for costs. The other suit was then called; when Buckner pleaded the former suit in bar of this. Thompson prayed an appeal to the Circuit Court of

McHenry, in both suits. The first suit was tried before a jury, and Buckner recovered a judgment of thirty dollars against Thompson. The present suit was then tried by the Court, Henderson, Judge, presiding, who decided, that the two notes and interest thereon, when consolidated, exceeded one hundred dollars, and that the first judgment was no bar to the second, and rendered judgment for Thompson, for the sum of sixty-five dollars, the amount of the note and interest. Buckner brings the case to this Court.

P. W. PLATT, for plaintiff in error.

BRECKENRIDGE & HURLBUT, for defendant in error.

Opinion by Mr. Justice CATON :

Two suits were commenced by Thompson against Buckner, before a justice of the peace, upon two notes, the amount of which, when consolidated, exceeded one hundred dollars; but it appeared upon a trial in the Circuit Court, to which they were appealed, that the defendant below had a set-off, which was applied in the first suit, to a greater amount than the note upon which that suit was brought. It was insisted that the first suit was a bar to the second; but the Circuit Court decided otherwise, and we think correctly. By sec. 35, chap. 59, R. S., it is provided, " in all suits which shall be commenced before a justice of the peace, each party shall bring forward all his or her demands against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed one hundred dollars, when consolidated into one action or defence ; and, on refusing or neglecting to do the same, shall forever be debarred from the privilege of suing for any such debt or demand." The demands in these two suits, when consolidated, did exceed one hundred dollars. Each note constituted a separate demand, upon which the holder had a right to bring a suit; and although it appeared upon trial that the other party was entitled to a set-off or cross demand, to an amount greater than one of the notes, still those notes were none the less demands against the defendant ; and the statute did not require that the plaintiff should consolidate them. Where a controversy exists as to the amount of a set-off to

which a party is entitled, it would be too strict a rule to say, and the statute does not require, that the plaintiff shall, at his peril, give credit before the commencement of a suit, for the exact amount to which the result of a trial may show the party was entitled.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*