# WILLIAM MALLOCK

*v.*

# WILLIAM H. KROME.

CONSOLIDATION—*of demands in suit before justice of the peace.* If a plaintiff has a demand for a reward offered, and the defendant gives his note for $66.66, part of the same, and the plaintiff sues for the balance of the reward without including his note, and recovers only $33.33, this will be a bar to any subsequent suit upon the note.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. DALE & BURNETT, for the appellant.

Messrs. W. F. L. HADLEY, and Mr. JOHN G. IRWIN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is in regard to the proper construction of sec. 49, chapter 79, Revised Statutes of 1874, which reads as follows: "In all suits which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated into one action or defense, and in refusing or neglecting to do so shall forever be barred from suing therefor."

It appears, from the record, that McDonald & Brown claimed a reward of appellant, Mallock, of $200, for finding two horses which had been stolen from him. Mallock gave McDonald & Brown his note for $66.66 in part payment of the reward. After the note was due, McDonald & Brown sued Mallock before a justice of the peace to recover that portion of the reward not embraced in the note, and recovered

a judgment for $133. An appeal was taken to the circuit court, where a trial was had, resulting in a judgment for $33.33.

McDonald & Brown had in their possession the note at the time the cause was tried before the justice and in the circuit court, but they did not offer it in evidence.

After judgment in the circuit court, the note was assigned to appellee, and this suit was instituted by him to recover the amount of the note. The circuit court rendered judgment for the amount of the note, to reverse which this appeal is brought.

It is insisted by appellee, that the case of *Buckner* v. *Thompson*, 11 Ill. 563, is conclusive of the question involved in this case. There is, however, in our judgment, a clear distinction between that case and the one before us.

In the case cited, Thompson commenced two suits against Buckner before a justice of the peace upon two notes, the *amount of which*, when *consolidated*, exceeded $100. It appeared, upon trial, that the defendant had a set-off, which was applied in the first suit, to a greater amount than the note upon which suit was brought. It was, therefore, insisted that the first suit was a bar to the second. The circuit court decided otherwise, and the decision, on appeal, was affirmed. The decision was, however, based upon the ground that the two demands, when consolidated, exceeded the jurisdiction of the justice of the peace.

It is there said : "The demands in these two suits, when consolidated, did exceed $100." And in the concluding part of the opinion the court further said : "Where a controversy exists as to the amount of a set-off to which a party is entitled, it would be too strict a rule to say, and the statute does not require, that the plaintiff shall, at his peril, give credit before the commencement of a suit for the exact amount to which the result of a trial may show the party was entitled."

If the amount of the claim which McDonald & Brown held against appellee, when added to the note, would have exceeded

$200, then, under the statute, they would not have been required to consolidate the two ; but both note and account did not exceed $200. The two, when consolidated, were within the jurisdiction of the justice.

The statute is plain, that all demands of a nature to be consolidated, and which, when consolidated, do not exceed the jurisdiction of the justice, must be brought forward, or otherwise they will be barred.

The note and account were of a nature to be consolidated, and they did not exceed the jurisdiction of the justice. It then follows, that, when McDonald & Brown submitted to a trial, with the note in their possession, and neglected or failed to bring it forward, they or their assignee are concluded, and can not afterwards recover upon the note.

The statute was, no doubt, enacted to prevent a multiplicity of suits. Its provisions are just, and we see no reason why it should not be enforced.

The judgment will therefore be reversed, and the cause remanded.

*Judgment reversed.*