S. R. NICKERSON

*v.*

J. V. ROCKWELL.

1. JUSTICE OF THE PEACE—*consolidation of causes of action, etc.* The statutory provision (Rev. Stat. 1874, ch. 79, sec. 49,) requiring the consolidation of demands in suits before justices of the peace, has no application to cases where the demands, if consolidated, would exceed $200. All demands of a nature to be consolidated, and which, when consolidated, do not exceed the justice's jurisdiction, must be brought forward in the one suit, or they will be barred.

2. CONSOLIDATING *causes of action—at common law.* There is no rule of the common law which requires of a plaintiff who has several distinct demands, such as two or more promissory notes, against the same defendant, to consolidate the same in one suit,—so, if suit be brought before a justice, and the several distinct demands, when consolidated, exceed the jurisdiction of the justice, the plaintiff is not bound to seek another court which would have jurisdiction of the aggregate amount of all the claims.

3. ACTION—*splitting cause of.* A plaintiff can not divide an entire demand or cause of action, and maintain several suits for its recovery; and a recovery for a part of the demand is a bar to the remainder, if due at the time of the institution of the suit. If suit is brought on a note payable in installments, it must be for all the installments due, or they will be barred.

4. While the various items of an account constitute but one demand, and can not be divided so as to enable the plaintiff to maintain several actions in any court, this does not apply to the case of several promissory notes, which are separate and distinct demands; and a party suing on one of them before a justice of the peace is not required to bring in the others, unless, when consolidated, they do not exceed the justice's jurisdiction.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

The appellee, Rockwell, holding two promissory notes against appellant, both past due, commenced, on the same day and at the same time, two suits before a justice of the peace against Nickerson upon said notes, one suit upon each note, and the justice numbered said suits upon his docket in the order in which the writs were actually written, although otherwise they were commenced at the same time. In the suit bearing the lowest docket number, judgment was rendered by said justice in favor of said Rockwell and against said Nickerson for $145.03, and costs. It was appealed to the circuit court of Cook county, and, subsequently, the appeal was dismissed for want of prosecution, with a *procedendo* and ten dollars damages, and said judgment is still in full force and effect. In the suit before said justice bearing the highest docket number, judgment was rendered by default for $100, and costs, and by said Nickerson appealed to the circuit court of Cook county, and there numbered 10,482, and is the case at bar. The other appeal was numbered 10,483, in said circuit court, and was disposed of, as aforesaid, previous to the trial of the case at bar.

Upon this agreed state of facts this case was submitted to the court, and counsel for the defendant, Nickerson, thereon moved the court that said cause be dismissed at the plaintiff's costs, on the ground that the plaintiff must consolidate all claims which he has against the defendant at the time of the commencement of the suit, which are of such a nature as to be consolidated, and must then sue in some court of competent jurisdiction; that the notes in said two suits should have been

consolidated in one claim; that the plaintiff had neglected to do this, and that he was thereby forever barred from suing to collect the note in question in this case. The court overruled said motion, to which defendant then and there excepted, and gave judgment against the defendant, to which the defendant then and there also excepted, and to reverse said judgment has brought the case to this court by appeal.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Mr. L. S. HODGES, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The question of the proper construction to be given to sec. 49, of chap. 79, Rev. Stat. 1874, is raised by the assignment of errors in this case. That section reads as follows:

"In all suits which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated into one action or defense; and on refusing or neglecting to do so, shall forever be debarred from suing therefor."

It will be noticed, this section of the statute refers only to suits commenced before a justice of the peace, and only requires a consolidation of demands which do not exceed $200 when consolidated. If the demands, when consolidated, exceed that sum, then such demands are not within either the language or the purview of this section. The judgment in the case at bar was for $120.75, and the amount due upon the other note, and for which a judgment was also recovered, was $145.03. The aggregate of these two demands greatly exceeded $200, and therefore they were not required, by said statutory provision, to be consolidated in one suit.

This same section was under consideration in the case of *Mallock* v. *Krome*, 78 Ill. 110. We there said: "If the

amount of the claim which McDonald & Brown held against appellee, when added to the note, would have exceeded $200, then, under the statute, they would not have been required to consolidate the two. The statute is plain, that all demands of a nature to be consolidated, and which, when consolidated, do not exceed the jurisdiction of the justice, must be brought forward, or otherwise they will be barred." To the same effect is the case of *Buckner* v. *Thompson*, 11 Ill. 563. The section then before the court was substantially that now before us, the only difference being, the jurisdiction of justices was then limited to $100, and the amount mentioned in the statute was correspondingly smaller than now. It is there said: " Each note constituted a separate demand, upon which the holder had a right to bring a suit. The demands in these two suits, when consolidated, did exceed $100." To the same effect is *Carson* v. *Clark*, 1 Scam. 113.

It is, however, urged, that, independent of any statute, when a person has two or more claims against another, of such a nature as to be consolidated, and when consolidated they exceed the jurisdiction of a justice's court, he must bring his action in a court of competent jurisdiction having jurisdiction of such consolidated amount, and that if he fails to do this, and sues on one of such claims before a justice of the peace, he will be barred from bringing any action on the other claim or claims in any court. The common law doctrine is incorrectly stated by appellant. It properly applies only when there is one demand,—not where there are two or more claims or demands. It is well settled by the authorities, a plaintiff can not divide an entire demand or cause of action, and maintain several suits for its recovery. A recovery for a part of the demand is a bar to the remainder, if it was due at the time of the institution of suit. This doctrine is based on reasons of public policy, and its object is to prevent multiplicity of suits and vexatious litigation. If suit is brought on a note payable in installments, it must be for all the installments due, or else the collection of the other installments will be barred. In

*Casselberry* v. *Forquer*, 27 Ill. 170, this doctrine was held to apply where several semi-annual payments of rent, reserved by a lease, were due. So, also, in *Camp* v. *Morgan*, 21 Ill. 255, it was decided, where the money had been paid in satisfaction of a judgment and costs, the demand created was entire and indivisible, and could not be separated so as to maintain several actions for its recovery. In that case it is said: "A judgment of a court is certainly an entirety, and can not be divided into several causes of action, any more than might a bond or note for the payment of a sum of money at one time." The case of *Matthias* v. *Cook*, 31 Ill. 84, announces the same doctrine.

It is decided in *Lucas* v. *LeCompte*, 42 Ill. 303, and in *Thompson* v. *Sutton*, 51 id. 213, an account composed of various items constitutes but one demand, and if a party has such a demand against another, he must bring his suit for the aggregate, and if, when aggregated, a justice of the peace has not jurisdiction, he must go to another forum having jurisdiction. In the opinion in the former case, public policy is referred to as forbidding the making of each separate item of an account a demand and the subject matter of a several suit, and *Camp* v. *Morgan*, *Casselberry* v. *Forquer*, and *Matthias* v. *Cook*, are referred to in support of the decision, thus showing the decision of the court is based on the common law doctrine which forbids the splitting of a demand. What is said in the same opinion in regard to the statutory provision hereinbefore considered, was wholly unnecessary for the decision of the case, and is inconsistent with both earlier and later decisions of this court.

The law, as settled by the repeated determinations of this court, is, that while said section 49 of the statute has no application where the aggregate of the demands exceeds $200, yet, even where the indebtedness is more than the $200, if it is an entirety, grows out of one contract, or constitutes one demand, then a judgment before a justice, or in any other court, for a part of the demand (a fraction of the entirety), will, on com-

mon law grounds and for reasons of public policy, constitute a bar to any recovery for the residue of the demand. The statute has reference only to cases where there are two or more demands, while the common law doctrine herein discussed is based upon the idea there is but one demand or cause of action, and that an entirety. Further, that while an account made up of many items is but one demand, yet, where there are two or more promissory notes, each note constitutes a separate demand. These distinctions borne in mind, the various decisions of this court are readily reconcilable. The fact notes are negotiable, and the further fact the maker has, by his own act, expressly carved out of that which otherwise would be an entire indebtedness several distinct contracts and separate demands, will account for this latter distinction.

We therefore conclude the circuit court did not err in overruling the motion to dismiss the cause, or in rendering judgment in favor of appellee and against appellant.

The judgment is affirmed.

*Judgment affirmed.*