## FREDERICK M. KANTZLER
### V.
## AMANDA ALBERTSON.

REPLEVIN—APPEAL BOND.—In replevin, where plaintiff in justice's court failed to appear, and judgment went against him and a *retorno habendo* was awarded, and he appealed and gave the ordinary appeal bond, and the appeal so taken was dismissed and judgment of *retorno habendo* was awarded, in order to recover damages for not making return of the property replevied, suit should be brought upon the replevin bond and not upon the appeal bond.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed February 3, 1886.

One Weiderman, sued out of justice's court, June 19, 1883, a writ of replevin against Albertson & Broad, for a horse, harness and wagon. The plaintiff in such writ giving replevin bond to the constable, the latter took the goods under the writ and delivered the same to the plaintiff in the suit. At the time for trial before the justice, the plaintiff, Weiderman, failed to appear, and judgment went against him and a *retorno habendo* was awarded. He thereupon took an appeal to the circuit court and gave a bond to Albertson, with Kantzler as surety, in the penal sum of three hundred dollars, conditioned in accordance with the form prescribed by statute for ordinary appeals from justice's court, in these words: "Now, if the said F. Weiderman shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered against him by said court upon the trial of said appeal, or by consent, or in case the appeal is dismissed, will pay the judgment rendered against him by said justice, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

The appeal so taken was afterward dismissed in the circuit court upon Albertson's motion, and judgment of *retorno haben*

*do* awarded.   Thereupon said suit was brought upon said appeal bond, against Kantzler, their surety, in justice's court, and taken by appeal to the circuit court, and upon a trial there, by the court without a jury, the court, against defendant's objection, permitted the plaintiff, Albertson, the obligee in the bond, to introduce evidence of the value of the horse, harness and wagon so replevied; and such value having been shown to be two hundred dollars at the time the property was replevied, the court, without finding the amount of the debt, simply rendered judgment in the sum of two hundred dollars as damages, besides costs.   The defendant moved to set it aside, which motion was overruled, and defendant excepted and brings the record here by appeal.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellant; cited Rankin v. Kinsey, 7 Bradwell, 221.

Mr. DANIEL J. LEARY, for appellee.

McALLISTER, J.   In order to recover damages for not making return of the property replevied by Weiderman, Albertson should have brought suit upon the replevin bond, instead of upon the appeal bond.   Section 10 of the Replevin Act expressly requires such bond to be conditioned that the plaintiff in replevin will make return of the property, if return of the property shall be awarded.   2 Starr & Curt. Stat. 2013. Nothing of the kind is required by any statute to be contained in the condition in a bond to be given upon appeal from a justice's judgment, and no such effect was intended by the legislature to be given to such appeal bonds.   By section twenty-six of the Replevin Act, it is provided that in suits upon replevin bonds, if the merits of the case have not been determined in the action, the defendant may plead that fact and his title to the property in dispute in the action of replevin. 2 Starr & C. p. 2018.   No such right or privilege is extended to defendants in actions upon appeal bonds.   The merits were not tried in the replevin suit; so defendants were deprived of that right by this suit on the appeal bond.

But there are no terms or words in the condition of the appeal bond on which this suit was brought, which can fairly be construed into an obligation on the part of Weiderman or his surety, to make return of the property replevied to the obligee or any other person. The obligation of the principal and sureties in a bond can not be extended beyond the plain and direct terms of such bond.

The law will not create a liability against a surety which he has not brought upon himself by his contract. Whitwell v. Burnside, 1 Metc. (Mass.) 39; Swanson v. Ball, Hempstead, 39. The admission of the evidence of the value of the property was erroneous.

The court below should have found the amount of the debt and given judgment for that, to be discharged upon the payment of damages. The fatal error, however, was in treating this appeal bond the same as if it contained the conditions in a replevin bond. The judgment will be reversed and the cause. remanded.

Judgment reversed.