# HENRY PEARSON AND JULIUS MILLER
## v.
## OLIVER BUNKER.

*Replevin—Appeal Bonds—Costs—Consolidation of Claims—Former Adjudication.*

Pearson v. Bunker.

1. The statute requiring the consolidation of claims in suits before justices only applies to claims which are capable of consolidation in a legal sense.

2. A judgment on a replevin bond does not bar an action for costs on an appeal bond given in the same case.

[Opinion filed May 25, 1889.]

Appeal from the Circuit Court of Iroquois County; the Hon. Alfred Sample, Judge, presiding.

Messrs. Doyle & Morris, for appellants.

The replevin bond in this case contains the conditions to prosecute the suit with effect and save and keep harmless the said constable in replevying said property. Under a bond of this character it has been held that damages may be recovered, and the costs sustained by the defendant in the replevin suit are properly allowable as damages. The replevin bond is as well for the benefit of the party defendant in the replevin suit as for the officer. Fahnestock v. Gilham, 77 Ill. 937.

The costs may be recovered in an action on a replevin bond. Humphrey v. Taggart, 33 Ill. 228.

It has also been held that, under a replevin bond similar to the one in question, containing the clause to save and keep harmless the officer replevying the property, damages for detention may be recovered, and the costs of defendant in replevin suit may be in the same action recovered. Languedoc v. Parkinson, 2 Ill. App. 136.

Both claims when consolidated would not exceed $200; hence there could be no sound reason why they should not have been consolidated, the law being, as we have shown, that suit could have been maintained for both items under the conditions of the replevin bond. Not having done so, we now urge that the judgment obtained on the replevin bond in evidence constitutes a complete bar to a recovery on the appeal bond. Barker v. Thompson, 11 Ill. 563; Casselberry v. Forquer, 27 Ill. 170.

Messrs Kay & Euans, for appellee.

UPTON, J. This action was brought originally before a justice of the peace on an appeal bond to the Circuit Court in a replevin suit. The defendant in the replevin suit was defeated in the Circuit Court, and a return of the property awarded.

The property was afterward returned and the defendant in the replevin case then brought suit on the replevin bond before a justice of the peace in the name of the constable to whom it had been given, for his use, and in that suit recovered a judgment in debt for the penalty of the bond, $250, and $57 damages, which damages did not include appellee's costs in Justice or Circuit Courts. After that judgment had been obtained and satisfied by the defendants, Bunker commenced the suit now before us on the appeal bond given in the replevin case, to recover costs, and on the trial in the Circuit Court recovered a judgment for $75 debt and $75 damages, which damages, it was stipulated, was the amount of costs in the replevin suit adjudged appellee before the justice and in the Circuit Court.

Appellants bring the case to this court, contending that the Circuit Court erred in giving judgment on the appeal bond, for the alleged reason that the appellee, having elected to bring suit on the replevin bond, was bound in law to bring forward all claims that could legally be consolidated in that action, pursuant to Sec. 49 of Chap. 79, R. S., and that a recovery of the costs for which this suit is brought might have been had in the suit on the replevin bond. And it is further claimed that the parties in both bonds are the same, and hence should have been consolidated, and to sustain this view is cited Barker v. Thompson, 11 Ill. 563 ; Curtis v. Ferguson, 27 Ill. 170, and Languedoc v. Parkinson, 2 Ill. App. 136.

In this contention of appellants we are unable to concur.

The statute only requires such claims of the plaintiff to be consolidated as are capable of consolidation in a legal sense. The appellee's demands consist of two bonds: one in his own right, known as an appeal bond, the condition of which was that if " Henry Pearson shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered against him by the said court on appeal, or by consent, or in case the

appeal is dismissed, will pay the judgment rendered against him by said appeal, then the obligation to be void," etc.; the other, given to one Andrew C. Johnson, a constable, known as a replevin bond, the condition of which was " that if Henry Pearson, plaintiff, shall prosecute his suit to effect, and without delay, and make return of said property if return thereof shall be awarded, and save and keep harmless the said constable in replevying said property, then this obligation to be void," etc.

In the suit on the replevin bond in the name of Johnson, for appellee's use, he could not recover anything by its condition; on the appeal bond as executed directly to himself, nor in case of a suit on the appeal bond in his own name, could appellee recover for damages for the detention of the property provided for in the replevin bond.

The case at bar is in many respects similar to that of Kantzle v. Albertson, 18 Ill. App. 313, in which Justice McAllister, writing for the court, says: " In order to recover damages for not making return of the property replevied, suit should have been brought upon the replevin bond instead of the appeal bond. Sec. 10 of the replevin act expressly requires such bond to a condition that the plaintiff in replevin will make return of the property, if return thereof shall be awarded. Nothing of the kind is required by any statute to be contained in the condition in a bond to be given *upon appeal from a justice's judgment, and no such effect was intended by the Legislature to be given to such appeal bonds.*"

But there are no trusts or orders in the condition as to the appeal bond on which this suit was brought which can be construed into an obligation on the part of the principal in the bond or his surety to make return of the property replevied to the obligee or any other person. The obligations of the principal and sureties in a bond can not be extended *beyond the plain and direct terms of such bond. The law will not create a liability against a surety which he has not brought upon himself by his contract.*

Hence, in the case at bar, under the plain provision and conditions in the bonds mentioned, as well as the settled princi-

ples of law, a judgment for the use and detention of the property replevied, without costs, would bar a further suit on the replevin bond, but it would not bar a suit for costs on the appeal bond. Manifestly, the judgment of the court below was correct, and its judgment must be affirmed.

*Judgment affirmed.*