## D. W. Ryan v. Waukesha Spring Brewing Company.
### Same v. Same.

1. ACTIONS—*An Entire Cause of, can not be Divided.*—An entire cause of action can not be split and several actions maintained upon it.

2. SAME—*What is not an Entire Account.*—A running account with no time of payment for any item in it, agreed upon, is an entire cause of action; but where each item of the account is sold upon stated periods of credit, the rule is different. Each item then constitutes a separate cause of action which may be commenced and maintained as soon as the time of credit expires.

Assumpsit, goods sold. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Reversed, and judgment entered in this court. Opinion filed March 31, 1896.

SCANLAN, McGAFFEY & MASTERS, attorneys for appellant. A plaintiff can not split one entire demand, and if he does

and recovers judgment on a part, such judgment is a bar to a recovery upon the balance. Such is the common law, and it is a rule founded on reason and prevents vexatious litigation. Nickerson v. Rockwell, 90 Ill. 460.

The statute of this State enforces the converse of the common law and requires distinct demands within $200 to be consolidated in suits before a justice of the peace. Starr & Curtis, Cap. 79, Sec. 49.

Independent of any statute where a person has two claims against another of such a nature as to be consolidated, but if consolidated they exceed a justice's jurisdiction, he must go to a court having jurisdiction of the consolidated amount; but this is not the common law doctrine. It properly applied only when there is one demand—not where there are two or more claims or demands. Nickerson v. Rockwell, 90 Ill. 464.

The case of Casselberry v. Forquer, 27 Ill. 170, would seem at first blush to be fairly decisive in the cases at bar, but the gist of the opinion says no more than that one demand can not be split. Forquer rented premises for $150 per year payable in semi-annual installments of $75. When four of these installments became due, instead of bringing two suits for $150 each, she brought as many suits as there were installments then due. The court held that Forquer might have brought two suits of $150, but that she could not bring suits for the installments, because each $150 was an entire demand, and the said installments arose out of one contractual relation, to wit, the lease.

On a lease with yearly rental of $600 per year, if the lessor waits until two years are due the two do not constitute one demand, but are separate demands upon which two actions may be brought. McDole v. McDole, 106 Ill. 452.

Where a note is given payable in one year with interest payable semi-annually, and a suit brought two years thereafter to recover the installments of interest then due, and a recovery therein, such judgment will be no bar to a subsequent action on the note to recover the principal. In such case, the promise to pay interest is a distinct cause of action

from the promise to pay principal. Each promise consti-
tutes a distinct cause of action. Dulaney v. Payne, 101 Ill.
325.

See also Wehrly v. Morfoot, 103 Ill. 583.

LACKNER & BUTZ, attorneys for appellee, contended that
a plaintiff can not so divide an entire demand or cause of
action as to maintain several actions for its recovery, and if
he sue and recover a judgment for a part only of such a
claim, the remaining portion is barred by that recovery.
Camp v. Morgan, 21 Ill. 248.

It has been long settled that a cause of action can not be
severed or made a foundation of several suits instead of
one. Chicago & N. W. Railway Co. v. Nichols, 57 Ill. 467
Lucas v. Le Compte, 42 Ill. 303; Rosenmueller v. Lampe,
89 Ill. 213.

Until an account is rendered and a request made for pay-
ment, it may well be said that each additional item of credit
is but adding to a previous indebtedness and that the whole
constitutes a single cause of action. Town of Whitehall v.
Meaux, 8 Ill. App. 182.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF
THE COURT.

Two appeals of the same title and involving the same
question, are here. The cases were tried without a jury.
The question is upon these facts. In November, 1894, the
president of the appellee was told by the appellant—a
cooper—the price, $2.09, of half barrels, delivered in Wau-
kesha.

On each of the days, December 14, 17 and 18, 1894, on
orders by the appellee, the appellant shipped half barrels to
the appellee, on a credit of ninety days.

June 17, 1895, the appellant sued the appellee for the
price of the December 18th order, and recovered judgment.

Is that judgment a bar to the separate actions to recover
for the half-barrels shipped on the orders of the 14th and
17th?

An entire cause of action can not be split and several actions maintained upon it—that is conceded.

The case does not show that when the price was given, the term of credit was also; but in the nature of the transaction, the price, place of delivery, and term of credit, must have been agreed upon before orders were given.

March 15, 1895, a suit might have been brought for the first shipment; March 18, 1895, another suit for the second shipment; and March 19, 1895, a third suit for the last shipment. The pendency of either suit would not have been in abatement of, or a judgment in it a bar to, either of the others.

The lapse of time would not have coalesced three independent and individual causes of action into one, had suits been begun as stated. Now why does the lapse of time have the effect of so coalescing if no suit is begun? Why, because Casselberry v. Forquer, 27 Ill. 170, so decides, and there is no escape from it. Should the question in that case ever again come before the Supreme Court, and the case be exactly in point, it may be adhered to; but it is not exactly in point here, as it seems to be explained in McDole v. McDole, in 106 Ill. 452. It is there treated as a single promise to pay one entire sum of money, upon a single consideration, in installments, and as holding that more than one installment due, is but one cause of action. Here the promise to pay for each shipment is a separate promise, based upon a separate consideration. Nor does this case resemble Lucas v. Le Compte, 42 Ill. 303, which only holds that a running account with no time of payment for any item in it agreed upon, is an entire cause of action. So is the law generally held. Black on Judgments, Sec. 736.

Without copying, I refer to Secor v. Sturgis, 16 N. Y. 548, for an elaborate statement of what distinguishes one entire cause from several separate causes of action; the sum of it—so far as pertinent here—being that "each contract affords one and only one cause of action." An illustration of that principle is found in Cashman v. Bean, 2 Hilton, 340, where sales of goods at different times upon six months

credit, were held to constitute separate causes of action, though all the money was due when suit was commenced.

These cases having been tried by the court, this court will do what that court should have done, and enter final judgments that the appellant recover in each case with costs; the judgments appealed from being reversed.