## John W. Gunnerson v. Gust Erickson.

1. ACTIONS—*Names of, Before Justices of the Peace.*—In actions before justices of the peace, the nature of the action is such as the evidence makes it.

2. SET-OFF—*Claims for Damages.*—A claim for unliquidated dam-

ages can not be set off against a claim based upon a contract totally disconnected with the subject-matter of such damages.

3. Actions—*Forms of, when Optional Before a Justice.*—A plaintiff suing before a justice of the peace on a cause of action which would, had the case been commenced in the Circuit Court, have given him the right to have brought an action of trespass *de bonis asportatis*, or trover, or an action of assumpsit, has a right to decide whether he wishes to have his action treated as one of assumpsit or tort.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897. Opinion denying rehearing filed March 29, 1897.

## Statement of the Case.

This was an appeal to the Circuit Court of Cook County from a judgment in favor of appellant, rendered by a justice of the peace, in an action said to have been in assumpsit.

Before entering upon the trial, in the court below, a notice of set-off for the sum of $1.65 was served upon appellant's attorney and filed without objection.

The principal contention of appellant is that the trial court erred in allowing evidence in support of the set-off offered by the defendant.

J. W. Richey, attorney for appellant.

Chytraus & Deneen and Chas. E. Wyman, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

In an action before a justice of the peace, there being no written pleadings or complaint, the nature of the action is such as the evidence makes it.

Appellant introduced evidence suitable to a case of trespass *de bonis*, or an action of trover. Appellee set off a claim arising from a contract.

Appellant was asking for a money judgment only, not for a return of any property.

Gunnerson v. Erickson.

Sec. 49 of Chap. 79 of the Statute, Justices and Constables, is as follows:

"In all suits which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated into one action or defense; and on refusing or neglecting to do so, shall forever be debarred from suing therefor."

The Supreme Court, in Bush v. Kindred, 20 Ill. 93, held that a claim for unliquidated damages could not be set off against a claim based upon a contract totally disconnected with the subject-matter of such damages.

To the same effect is the ruling in Hartshorn v. Kinsman, 16 Ill. App. 555; see also Pearsons v. Bunker, 30 Ill. App. 524.

The damages for which this suit was brought did not arise from the contract under which appellee claimed a set off; that is, the damages did not naturally or proximately arise out of or follow such contract.

Appellant could not, by calling his action assumpsit, make it so; his claim being one for which an action of assumpsit would not lie. Had appellee sold the goods he wrongfully had, and received payment therefor, appellant might, waiving the tort, have sued in assumpsit; as it was, appellant's evidence showed that his cause of action was either trespass *de bonis* or trover.

The set off offered by appellee was improperly allowed.

The judgment of the Circuit Court is reversed and the cause remanded.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT UPON A PETITION FOR A REHEARING.

It is urged that as the evidence shows that appellee sold a portion of the cloth for $22, and had a suit made from the remainder, therefore appellant's action must be considered as in assumpsit, and a set-off arising out of contract applicable thereto.

It does not follow, because appellee converted a portion of the goods into money, nor indeed would it had he so converted them all, that appellant would be compelled to bring, or that his action must be considered as, a suit in assumpsit. In assumpsit, appellant could recover only the amount received for the goods, while in trover or trespass he may recover the value of the property wrongfully taken.

There was evidence from which the finding might have been that the value of the goods sold by appellee was much greater than the sum for which they were sold. It is for appellant to decide whether he wishes, as to such goods, to have his action treated as one of assumpsit or of tort.

Appellee also urges that as appellant sued him before a justice of the peace " away out of the city in the town of Orland, while the record shows both parties to be residents of Chicago," and as upon the merits it has been established, not only that he has a complete defense to the claim, but that appellant owes him money, we ought to affirm the judgment. We do not think that it has been established that appellee has a defense upon the merits, while it does appear that appellant owes appellee.

If we were permitted to equitably adjust all the differences this record calls to our attention, to decide this controversy in accordance with our personal opinions of what is right, or to follow what the public might approve, we should perhaps exercise such power wisely. As to this we can not say. We know that it is our duty to administer the law equally to all persons; that each party has a right to insist that it shall be so administered in this case.

We have no right to set aside the law and determine the rights of litigants by the peculiar bias which education, habit, association or faith may have given us.

Whether the rule of law which denies the right to set off damages arising out of contract, against those arising out of willful tort, be wise, is not now to be considered. The rule exists, is insisted upon, and must be enforced. The rights of appellee arising out of contract may be enforced in another action.

The petition for rehearing is denied.