## H. H. Page et al. v. James H. Shields.

1. AMENDMENTS—*After the Lapse of the Term—Notice.*—A court is without power to amend its judgments after the lapse of the term at which such judgments were entered, except upon notice to the parties.

2. SAME—*Upon the Recollection of the Judge or Affidavit of a Party.* —A judgment can not be amended after the lapse of the term at which it was entered, upon the mere recollection of the judge before whom it was obtained or the affidavit of a party to such judgment.

3. CONSTRUCTION OF STATUTES—*Consolidation of Demands Before Justices of the Peace.*—The statute (Hurd's R. S. 1901, p. 1116, Sec. 18,) requiring, in suits before justices of the peace, the consolidation of all demands which are of a nature to be consolidated and which do not exceed $200 when consolidated into one action or defense, has no application to distinct claims the aggregate of which, when consolidated, exceeds that amount.

Assumpsit, for merchandise sold, etc. Error to the County Court of Cook County; the Hon. M. W. THOMPSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed July 2, 1902.

**Statement.**— Plaintiffs brought a suit, September 26, 1896, in the County Court, against defendant, to recover the price of one dovetailing machine, three weaving machines and one clamp table, and filed a statement of their account showing these items, claiming thereon the sum of $350. Before the bringing of this suit, November 6, 1893, plaintiffs sued the defendant in a justice court, placing their demand at $200, and recovered a judgment in such justice court against defendant for $175, December 5, 1893. From this judgment defendant appealed to the Superior Court and filed his appeal bond in that court the 23d day of December, 1893. Plaintiffs also appealed from the same judgment to the same court. Thereafter, September 24, 1896, on the call of the common law docket of the Superior Court, the appeal of plaintiffs was dismissed. The 24th day of March, 1898, the appeal of the defendant was dismissed on his own motion, thereby rendering the judgment before the justice a final judgment. Thereafter, December 3, 1898, six terms after the court, by the dismissal

of each appeal, had lost jurisdiction of the cause, an order was entered by the Superior Court as follows:

"H. H. PAGE and MARSHALL KEITH  
             vs.  
JAS. H. SHIELDS, as Illinois Patent    154,982.  
      Packing Case Co.

This cause coming on to be heard upon motion of the plaintiffs' attorneys to amend and correct the record of the order of court entered in this cause on the 24th day of September, 1896, and it appearing to the court that the court at that time directed the clerk to enter an order dismissing the suit in the above entitled cause and that the clerk of this court in entering said order erroneously entered the same as an order dismissing the appeal in said cause, it is therefore ordered and adjudged that the said order of court entered in this cause on the 24th day of September, 1896, be, and the same is hereby, corrected and amended so as to read as follows:

'Upon motion of the plaintiffs' attorneys it is hereby ordered and adjudged that this suit be, and the same is hereby, dismissed out of court, and it is further ordered and adjudged that the defendant do have and recover of the plaintiffs his cost in this cause to be taxed and that he have execution therefor.'"

The defendant pleaded the judgment rendered before the justice of the peace as a bar to the suit in the County Court.

The court found the issues and rendered judgment for the defendant.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, attorneys for plaintiffs in error.

SMOOT & EYER, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

A court has no power to amend its judgment after the lapse of the term at which it was entered, save upon notice to the parties to the judgment. Black on Judgments, Sec. 164; Swift v. Allen, 55 Ill. 303; Angus v. Backus, 58 Ill. App. 259; Rauh v. Ritchie, 1 Ill. App. 188.

The order amending the entry of judgment not having

been made upon notice, was void; the court having no jurisdiction over the defendant against whom the judgment was. A judgment can not, after the lapse of the term, be amended upon the mere recollection of the judge before whom it was obtained or the affidavit of a party thereto. The judgment before the justice being in full force, is it a bar to the plaintiffs' action in the present suit? The sales made to the defendant were separate and distinct; each was for goods sold for $175; together they amounted to $350; one suit on both could not be maintained before a justice of the peace.

The statute requiring in suits before justices a consolidation of demands "which are of a nature to be consolidated, and which do not exceed $200 when consolidated into one action or defense," has no application to distinct claims, the aggregate of which exceeds $200. Carson v. Clark; 1 Scam. 113; Buckner v. Thompson, 11 Ill. 563; Mallock v. Krome, 78 Ill. 110; Nickerson v. Rockwell, 90 Ill. 460; McDole v. McDole, 106 Ill. 452; Ryan v. Waukesha Brewing Co., 63 Ill. App. 334.

The plaintiffs had two causes of action, one upon each sale. Ryan v. Waukesha Spring Brewing Co., 63 Ill. App. 334; Secor v. Sturgis, 16 N. Y. 548.

Such evidence as there is concerning that which was actually brought before and considered by the justice court is to the effect that only one of plaintiffs' causes of action was there presented. The court, upon the evidence presented in this case, should have rendered judgment for the price of the three machines sold in July, 1893, for $175, with such lawful interest thereon as, under the evidence, plaintiffs were entitled to.

The judgment of the County Court is reversed and the cause remanded.