## P. J. King, et al., v. Harry Arney.

### Gen. No. 11,131.

1. SHERIFF'S SALE—*when equity has jurisdiction to set aside.* Equity has jurisdiction to set aside a sheriff's sale as against one chargeable with notice, where it appears that it was made without notice to the judgment debtor, was for a grossly inadequate price, and was accompanied with irregularities; and where a court of equity takes jurisdiction for such purpose, it will retain it for all purposes.

2. JUDGMENT—*when, bar to second action.* Where a judgment is obtained against a party, and is satisfied, it is a bar against another action brought against the same person and another jointly liable with him.

Proceeding in chancery to set aside sheriff's sale, etc. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed May 17, 1904.

**Statement by the Court.** This is an appeal from a decree rendered under a bill filed to set aside a sheriff's sale and certificate of sale and to enjoin the enforcement of a judgment rendered by a justice of the peace.

Appellee was the owner of certain premises upon which he employed a contractor to erect a residence. Appellant King furnished said contractor a portion of the mill work, and a dispute arising, said King brought suit before a justice of the peace against the contractor and against appellee as owner (under sec. 42, chap. 82, R. S., relating to Mechanic's Liens) to recover a balance claimed to be due. While that suit was pending, appellant King began another suit before another justice of the peace, for the same cause of action, against appellee alone. In this latter suit judgment was obtained by appellant King which was paid by appellee herein and satisfied of record. Afterwards, the first suit against appellee and the contractor was also prosecuted to judgment, from which judgment each of the parties perfected an appeal to the Circuit Court, appellant King by filing his appeal bond with the justice, and the defendants in that suit by filing their appeal bond with the clerk of the Circuit Court.

Prior to taking his appeal before the justice from the judgment in his favor, appellant King, by his attorney, swore out an immediate execution which was issued to a constable and by him returned no part satisfied without service or demand on the execution debtors. On the same day a real estate transcript was filed in the Circuit Court by the judgment creditor, appellant King. The appeal taken by appellant King from the justice judgment in his own favor was thereafter dismissed in the Circuit Court and an execution issued. This without demand on appellee herein was levied on the real estate in controversy, which was sold for $188.72 to one Casler, attorney for appellant King, and himself, one of the appellants herein.

Appellee thereafter filed his bill to set aside said sheriff's sale and the certificate thereof, praying also for an injunction to restrain the issue of a sheriff's deed under the said

certificate of sale. Subsequently, pending the said bill now in controversy, the appeal taken by appellee herein from the judgment rendered by the justice of the peace against him and the contractor jointly, was dismissed by the Circuit Court.

The decree now appealed from finds that appellant King had one claim only against appellee, which having been reduced to judgment was paid and fully satisfied; that thereafter he was not entitled to a lien on appellee's real estate and that the judgment subsequently obtained against appellee and the contractor before a justice of the peace was fraudulent and inequitable. The sheriff's sale is therefore set aside and declared null and void, and appellants are enjoined from attempting to enforce the said judgment.

LEVI SPRAGUE and CHARLES R. CASLER, for appellants.

BLAKE & FEELY, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of appellants that equity is without jurisdiction to interfere with the judgment of the justice, both of the appeals taken from that judgment having been dismissed in the Circuit Court. It appears, however, that one of the appeals was still pending when this bill was filed, and that notwithstanding the fact that said appeal was un-disposed of, appellant had filed a real estate transcript in the Circuit Court, had caused an execution to be issued out of that court and levied upon the real estate in controversy, and the land had been sold by the sheriff to appellant Casler. The bill prays "that the real estate transcript filed in the office of the clerk of the Circuit Court, said execution issued thereon, and said levy and sheriff's sale had in pursuance thereof, may each and all be declared null and void as a cloud upon the title of your orator to said premises," etc. The master found the property in controversy to be worth at least $4,000; that the price $188.72 for which it was sold to Casler by the sheriff is grossly inadequate; that

no notice of the levy or sale was given to the owner; that the purchaser, Charles R. Casler, as the attorney of appellant King, is chargeable with notice of all the irregularities attending the transaction, and that the judgment under which the execution issued and the sale was made was wrongfully obtained upon a debt previously reduced to judgment and fully paid.' These findings appear to be fully justified by the evidence. Under these circumstances equity had jurisdiction to set aside the sheriff's sale, and having obtained jurisdiction of the subject-matter and the parties, may go on and do justice between them, although to do so may require matters to be passed upon which alone would not be cognizable in equity. Pool v. Docker, 92 Ill. 501–509; Savage v. Berry, 2 Scam. 545–547.

That a gross inadequacy of price where property has been sold upon execution at a judicial sale, when accompanied with even slight evidence of irregularities indicating unfairness or fraud upon the part of the officer, the purchaser or the party benefitted by the sale affords sufficient ground for equitable interposition, is well established. Davis v. Chicago Dock Co., 129 Ill. 180–189; Henderson v. Harness, 184 Ill. 520–533, Miller v. McAlister, 197 Ill. 72–79; Hobson v. McCambridge, 130 Ill. 367–378.

It is clear that the demand of appellant King for material furnished to the contractor to be used upon appellee's building constituted a single cause of action. Even though he was entitled to sue both contractor and owner jointly under the Mechanic's Lien law, yet having sued the owner and recovered a judgment therefor which was paid and satisfied, that judgment was a bar against another suit for the same cause of action. People v. Harrison, 82 Ill. 84–86; Jansen v. Grimshaw, 125 Ill. 468–474; Nickerson v. Rockwell, 90 Ill. 460–463. While appellant King might pursue both remedies, as he did; he could have but one satisfaction of his claim. West v. Flemming, 18 Ill. 248–249. Having obtained that against the owner he could not obtain the same satisfaction over again, against the owner and contractor jointly. Such a judgment was fraudulent and

against conscience. In such case a court of equity will grant relief. McGehee v. Gold, 68 Ill. 215–216.

The decree is right and will be affirmed.

*Affirmed.*