(*Municipal Court of Chicago.*)

Laura L. Arthur

vs.

## John J. Doyle, Peter Doyle and William Griffin.

(1907.)

1. FORCIBLE ENTRY AND DETAINER—SUIT ON BOND—DAMAGES FOR TIME PREMISES UNLAWFULLY WITHHELD—RENTAL VALUE— VALUE OF USE AND OCCUPATION. It is competent in a suit on a bond given by a defendant in an appeal in a forcible entry and detainer proceeding, to show the value of the use and occupation of the premises for the time the defendant unlawfully withheld them. "Rental value" and the "value of the use and occupation" are synonomous.

2. TRIAL—EVIDENCE ELICITED ON CROSS-EXAMINATION—ESTOPPEL TO COMPLAIN. A party is not in a position to complain of facts brought out on cross-examination of his opponent's witness.

3. FORMER ADJUDICATION—SPLITTING CAUSES OF ACTION—SUITS FOR DAMAGES FOR UNLAWFUL DETENTION OF PREMISES—WHEN RE- COVERY IN ONE SUIT ONLY ALLOWABLE. Where a plaintiff institutes two suits for damages which have accrued to him by the unlawful detention of his premises by the defendant and in one of them seeks to recover for part of the time they have been detained, and in the other for the remainder of the time, a recovery in one will preclude a recovery in the other. The law does not allow a splitting of the cause of action in such a manner.

Motion for new trial.

The facts are stated in the opinion of the court. Heard before Judge Freeman K. Blake.

*Steele & Thompson,* attorneys for plaintiff.

*Gearon & Gearon,* attorneys for defendants; *Aaron Helms,* of counsel.

BLAKE, J.:—

Counsel for defendants urge two points as ground for a new trial, viz: first, that the court erred in the admission of evidence on the part of the plaintiff, and, second, that the court erred in the exclusion of material evidence tendered by the defendants.

Upon the first point it is insisted that it was error to admit evidence of the value of the use and occupation of the premises during the time they were withheld by the defendants. It is particularly urged that the court erred in permitting a witness for plaintiff to testify that the rental value of the box-stalls was $5 per month, and of the single stalls $2.50 per month. Our courts have held that it is competent to prove the rental value of the premises and the value of the use and occupation, and that the terms "rental value" and "the value of the use and occupation" are synonymous. *Dulaney v. Payne,* 101 Ill. 325; *McDole v. McDole,* 106 Ill. 452. It is true that on cross-examination, counsel elicited from this witness that these amounts were the amounts which could be realized for such stalls by renting them to customers in the business of conducting a livery and boarding stable on the premises. The defendants are not in a position to complain of facts brought out by them on cross-examination of plaintiff's witness.

The next question raised is whether the court erred in excluding from the jury the record of the former case which was offered by defendants as a bar to the cause of action before the court in this case. It appears from the excluded evidence thus offered that on February 7, 1907, Laura L. Arthur, the plaintiff in this cause, commenced an action in this court against John J. Doyle and Peter Doyle, two of the

defcndants in this action, to recover damages on a certain penal bond executed on November 22, 1905, by said John J. Doyle in an appeal from a judgment in a forcible detainer case wherein said Laura L. Arthur was plaintiff and said John J. Doyle was defendant, which case was brought for the restitution of the same real estate in question in the case at bar, to wit, the first and second floors of the brick building known as No. 240 S. St. Louis avenue, and the flat on the second floor of said premises, and which bond was conditioned "that said John J. Doyle should prosecute his appeal with effect and pay all rent then due, or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding until the restitution of the possession thereof to the plaintiff, together with all costs that may accrue in case the judgment from which the appeal is taken is affirmed or appeal dismissed."

The plaintiff's bill of particulars in the former case avers that her claim is based upon an appeal bond signed and sealed by the defendants and filed in the circuit court of Cook county, in an appeal from a judgment entered in favor of Laura L. Arthur by John K. Prindiville, justice of the peace, in an action of forcible entry and detainer in which Laura L. Arthur was plaintiff and John J. Doyle was defendant, and the items of damages alleged and set out were three and one-quarter months' rent at $140 per month, $455; damages to premises, $200; interest on rent to date, $22.67; court costs (circuit court) $8.50, and attorney's fees, $50, making a total of $736.37. Upon all the allegations of the bill of particulars issue was joined and the cause was tried to a jury and a verdict returned in favor of plaintiff upon which, after hearing and overruling a motion for a new trial, the court rendered judgment on April 20, 1907, for $289.52 damages and costs which defendant paid and the judgment was thereupon satisfied by the plaintiff.

On the 7th day of February, 1907, the plaintiff Laura L.

Arthur commenced the case at bar against the defendants John J. Doyle, Peter Doyle and William H. Griffin. In her declaration the plaintiff avers in apt terms that in the same cause above referred to there was pending on January 8, 1906, in the circuit court of Cook county, Illinois, upon appeal of said John J. Doyle, from a judgment rendered by John K. Prindiville, a justice of the peace in and for Cook county, Illinois, a certain action in forcible detainer wherein said Laura L. Arthur was plaintiff, and said John J. Doyle was defendant, and that such proceedings were had in said court; that on January 8, 1906, a judgment in forcible detainer was rendered by said court against said John J. Doyle in favor of said Laura L. Arthur; that said Laura L. Arthur do have and recover possession of the premises described as the first and second floors of the building known as number 240 South St. Louis avenue, in the city of Chicago, Cook county, Illinois, from which said judgment said John J. Doyle prayed an appeal to the appellate court of Illinois for the First district, which was allowed upon his filing an appeal bond in the sum of fifteen hundred dollars ($1,500) and that on the 9th of February, 1906, said John J. Doyle as principal and Peter Doyle and William H. Griffin as sureties, executed their certain appeal bond in that behalf in the penal sum of fifteen hundred dollars ($1,500), which was approved and filed in the office of the clerk of said circuit court in which bond a certain condition was written as follows, to-wit: ''The condition of the above obligation is such That Whereas, the said Laura L. Arthur did, on the 8th day of January, A. D. 1906, in the circuit court of Cook county, state of Illinois, and of the December term thereof, A. D. 1905, recover a judgment against the above bounden John J. Doyle for the restitution of certain premises described in the plaint, to wit, the first and second floors of the brick building known as No. 240 South St. Louis avenue, and the flat on the second floor of said premises, and costs of suit, from which said judgment of the said circuit court of Cook county, the said John J. Doyle has prayed for and obtained an appeal to the appellate court within and for the

First district of Illinois. Now, therefore, if the said John J. Doyle shall prosecute such appeal with effect and pay all rent then due, or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, together with all costs that may accrue in case the judgment from which the appeal is taken is affirmed, or appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect.''

It is averred that in said cause the appellate court affirmed the judgment of the court below, that the defendant Doyle unlawfully withheld the possession of the premises from October 31, 1905, until the 30th day of September, 1906, and that the value of the use and occupation thereof during said period was $1,350, and that plaintiff sustained other damages to the amount of $150.

The defendants pleaded the former judgment and payment and satisfaction of the same in bar. Demurrers were filed by defendants and sustained by the court and exceptions reserved by defendants. The cause was tried in its order and verdict returned by the jury for $1,200, and a motion for a new trial was made by defendants which is now before the court for decision. Upon the trial, defendants offered the record in the former case in evidence but the same was excluded by the court and exception taken by defendants. This presents the second question for our decision.

At the time the first suit was commenced the entire claim of the plaintiff had fully accrued.

In this last point raised by the defendants we have presented the question of former adjudication upon which we shall express our views at some length. It is contended by defendants that the question of plaintiff's damages by reason of the unlawful withholding was in issue in the former suit, and that the jury assessed the amount of such damages,

that judgment therefor was rendered and paid and that thereby plaintiff's entire claim was satisfied.

In the case of *Wright v. Griffey,* 147 Ill. 496, the court says: "Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties, its adjudication in the first suit will, if properly presented, be conclusive of the same question in the latter suit, whether the cause of action is the same in both suits or not. The latter is in some of the cases designated as estoppel by verdict."

The doctrine thus laid down is undoubtedly the law of this state and is in accordance with the current of decided law elsewhere.

In *Boddie v. Brewer & Hoffmann Brewing Company,* 107 Ill. App. 357, the court (quoting from *Henderson v. Henderson,* 3 Hare, 115) said: "Where a given matter becomes the subject-matter in and of adjudication by a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect to a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have from negligence, inadvertence or even accident, omitted a part of their defense. The plea of *res judicata* applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties, exercising a reasonable diligence, might have brought forward in time."

Bigelow on Estoppel, 57, lays down the rule that a point once adjudicated by a court of competent jurisdiction, however erroneous the adjudication, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court at law, or in chancery, or in admiralty, when either party, or the privies of either party, allege anything

inconsistent with it; and this too, whether the subsequent suit is upon the same or a different cause of action. To the same effect are also *Hanna v. Read,* 102 Ill. 596, and *Reynolds v. Mandel,* 175 Ill. 615.

Upon these authorities there can be no doubt that if the damages claimed in the two actions above described are one and the same claim, the first suit and the result obtained therein would prevent a recovery in this case. The claim of the plaintiff is for damages which accrued to plaintiff by reason of the unlawful withholding of the premises in question for a period of about eleven months. In the first suit plaintiff claimed for three and one-quarter months of that time and in this suit claims for seven and three-quarters months, or the remainder of the whole time. Was plaintiff's claim of such a character that she could bring more than one suit, or was she compelled to submit her whole claim in one action? The statutes of a tenant holding over against the landlord's will has been adjudicated by our courts. In the case of *Keegan v. Kinnare,* 123 Ill. 280, which was an action on appeal bond given in a forcible detainer case, the court said:

"Counsel for appellee were permitted, over the objection of counsel for appellants, to prove the rental value of the property from May 1, 1883, to January 5, 1885—the date of Kinnare's death. The evidence shows that appellants went into possession under a written lease of the property described in the bond from the 1st day of October, A. D. 1878, until the 1st day of May, A. D. 1880, at a stipulated rent of $15 per month; and the contention of counsel for appellants is, that appellants are liable for rent only at that rate. But notice was given terminating that tenancy on the 1st day of May, 1883, which was held sufficient in the suit in which the bond was given. Instead of being tenants after the first day of May, A. D. 1883, appellants were expressly adjudged to be trespassers; and the case cited by counsel for appellants (*Clinton Wire Cloth Co. v. Gardner et al.,* 99 Ill. 151), only holds that where a tenant for a year or years, holds over after the expiration of his lease, without having made any new arrangement with his landlord, under which such holding over

takes place, the landlord, at his election, may treat the tenant as trespasser, or as a tenant for another year upon the same terms as in the original lease. But this right of election does not belong to the tenant—it is the landlord alone who may thus elect. (Wood on Landlord and Tenant, page 22, and authorities cited in note 4.) Here the landlord has elected to treat the tenants as trespassers, and they must, consequently, be liable to the administratrix of the landlord for the value of the premises for the length of time they have withheld them from him—namely, from the 1st day of May, A. D. 1883, until the date of his death January 3rd, A. D 1885. 2 Waterman on Trespass, section 96.''

In the case of *Johannes v. Kielgast*, 27 Ill. App. 576, the court states the facts of the case as follows: ''The rent which appellant covenanted to pay was $35 per month, and he did pay the same to the month of August, 1878. Having made default in payment of the rent for that month, appellee about the 15th day of September, 1878, served upon him a written notice of termination of the lease in five days, if the rent was not paid within that time. The rent remaining unpaid, the appellee, at the end of the five days, commenced suit in forcible detainer against appellant which resulted in a judgment for possession in favor of appellee in February, 1879, the appellant having occupied until that date. This action of covenant was commenced March 5, 1886, and judgment was rendered by the court below for the months of August, September, October, November and December, 1878, and Janunary, 1879, which appellant now seeks to reverse on the ground that an action on his covenant cannot be maintained for any rent accruing after the termination of the lease. The right of enjoyment is the correlative of the duty to pay rent. Whenever the right of enjoyment is lawfully terminated so that it cannot be restored except by mutual consent, the covenant as to payment ceases to be an obligation as to any installment, which, by the terms of the lease, would thereafter have become due.''

The plaintiff, therefore, could not recover rent under the covenants in her lease. She could only recover from the de-

fendant damages accruing as against a tort feasor and her claim consisted of a single item for the rental value of the premises during the whole time from September 30, 1905, to October 1, 1906, and such other damages as she may have proved. The nature of such a claim does not permit of a separation into parts comprising monthly periods, or into other periods arbitrarily fixed by either of the parties. Without quoting from the cases sustaining the proposition that plaintiff cannot split his claim and bring several suits thereon, and if he undertakes to do so, the judgment in the first suit will bar any subsequent suit, especially where the judgment has been paid and satisfied, the following cases are cited: *Casselberry v. Forquer*, 27 Ill. 170; *Camp v. Morgan*, 21 Ill. 255; *Nickerson v. Rockwell*, 90 Ill. 460; *Mathias v. Cook*, 31 Ill. 83; *Lucas v. LaCompte*, 42 Ill. 303; *Thompson v. Sutton*, 57 Ill. 213; *King v. Arney*, 114 Ill. App. 141.

From the points above presented and the authorities cited in support thereof, it will appear that plaintiff's cause of action set up in this case is barred by the judgment and satisfaction thereof in the former case. It follows that the court erred in the exclusion of the record from the evidence, and in sustaining the demurrer to the plea setting up said judgment. The motion for a new trial is sustained and a new trial is granted.