| 52 | 109 |
| 121 | 328 |
| 121 | 329 |

# Henry C. Dent

## *v.*

## Ezra D. Davison.

1. Action on penal bond—*of assigning successive breaches.* The 18th section of the practice act, which provides that in actions upon penal bonds, successive breaches may be assigned and recovery had, after a trial and judgment in the same action, is not confined in its operation to actions on official bonds, but applies as well to other penal bonds, conditioned for the performance of covenants, where the non-performance of the condition is not necessarily embraced in a single breach.

2. So where one partner purchased his co-partner's interest in the firm, agreeing to pay the partnership debts, and gave a penal bond conditioned for their payment within a specified time, upon a breach of such condition by the neglect of the obligor to pay the firm debts, as he had agreed, a right of action upon the bond accrued to the obligee, but if the latter had not himself paid the debts, or some portion of them, he could recover only nominal damages, and the judgment for the penalty would stand as security for such other breaches as might afterwards happen by reason of the obligee paying the debts, or any portion of them.

3. Bill of exceptions—*when it should be signed.* While it is for the judge trying a cause to determine, in the first instance, whether the requirements of the law have been so far complied with as to make it his duty to sign a bill of exceptions, yet where that has not been done, the bill should

not be signed. In this case, the bill was signed two years after the trial to which it related, and from the memory of the judge, without minutes, and without any exceptions having been taken at the time. The signing of the bill was disapproved.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. BANGS & SHAW and Messrs. BURNS & BARNES, for the appellant.

Messrs. JOHNSON & HOPKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case that appellee brought an action of debt to the August term, 1867, of the Woodford circuit court, against appellant and Addis, on a penal bond. It was conditioned that the obligors should, before the 26th day of August, 1866, pay, or cause to be paid, all debts contracted by the firm of E. D. Davison & Co., or that might have stood charged to E. D. Davison for goods had to the use of the firm obtained in the name of A. D. Addis & Co., and all collections made by Davison & Addis, or Addis & Co.; and it was further provided that, should default be made in the payments, or any part thereof, on the day named, and the same should remain in arrear for the space of ten days, then the aforesaid sum of three thousand dollars should, at the option of Ezra D. Davison, become payable immediately thereafter. At the December term, 1867, a trial was had by the court and a jury, when a recovery was had for the amount of the penalty of the bond and one cent damages.

Afterwards, appellee filed suggestions of further breaches, which occurred after the recovery of the judgment, under the 18th section of the practice act. To this assignment of

breaches, appellant filed a demurrer, which was overruled by the court, and a trial was had resulting in a judgment of $476.81 in favor of appellee.

It seems that Addis & Davison had been partners in business, and the former purchased of the latter his interest in the business of the firm, and to secure him, gave the bond sued upon, that he would pay the firm debts which he had assumed. Addis failed to pay them within the limited time, and left the country. At the first trial, appellee having failed to prove that he had paid and discharged any portion of the indebtedness which Addis had bound himself to pay, the jury only assessed nominal damages; and the present controversy grows out of the question, whether moneys paid by appellee on the firm debts after the judgment on the bond can be recovered under the assignment of new breaches.

It is not controverted that this is a penal bond, but it is urged that the damages growing out of its breach are of such a character that they should all have been assessed on the first trial; that the damages are entire, and cannot be divided or split up into several recoveries.

It is apparent that appellee should have introduced evidence of the payment by him of debts prior to bringing the suit, on the first trial, to recover more than nominal damages. And failing then to introduce evidence to prove he had paid any portion of the debts, the jury could but find one cent damages, having no proof of anything more than the mere fact that Addis had failed to pay the debts of the firm. And failing to prove such payments, appellee had a right to recover for the technical breach, and nothing more.

The 18th section of the practice act declares that in actions brought on penal bonds conditioned for the performance of covenants, the plaintiff may assign as many breaches as he may choose, and the jury, whether on the trial of the issue or of inquiry, shall assess the damages for so many breaches as the plaintiff may prove, and the judgment for the penalty shall stand as security for such other breaches as may

afterwards happen, and the plaintiff is authorized at any time afterwards to sue out a writ of inquiry to assess damages for the breach of any covenant contained in the bond, subsequent to the former trial or inqiury.

This being a penal bond, it falls within the provisions of the statute. It is true, the cases which most usually arise are on official bonds, where a breach of duty to different persons, and at various times, at the common law rendered a multiplicity of suits necessary to the attainment of justice, and to avoid litigation, delay and expense, the statute changed the practice so as to enable any party aggrieved, simply by suing out a *scire facias* against the defendant, and the suggestion of new breaches, have his damages assessed. But the statute is broader and embraces all penal bonds, and that upon which this suit was brought being of that character, it falls within the enactment. Appellee, then, had the right to assign further breaches, under the statute, for any damage sustained after the suit was brought. Had he paid any portion of the debts against the firm before suit was brought, and not recovered the amount as damages, then that portion of his claim would have been barred.

The breach by a failure of Addis to pay only, in contemplation of law, produced a nominal injury. Appellee only sustained substantial damage when he paid the debts. It was then, and only then, that he had a right to recover more than for a technical breach. And on each payment made by appellee on the debts against the firm, a new breach occurred, and a new cause of action arose, and a right of recovery, equal to the amount paid. On the first recovery, appellee had not been damnified, and until he was, he could not recover substantial damages. The first recovery was therefore correct, and under the statute the judgment stood as a security for any sums appellee might subsequently pay on the debts of the firm which Addis had covenanted to pay and discharge.

From the evidence introduced on the assessment, it appears that all of the payments made by appellee were after the suit

was brought, and hence no portion of the amount found on the assessment of damages, was barred by the first recovery. The suit was brought to the August term, 1867, and the proof shows that the first payment by appellee was made in the following month of November. It follows that the finding in the court below was correct, and the judgment of the circuit court must be affirmed.

The question raised by the cross errors are unimportant, as the only question arising on this record is presented outside of the bill of exceptions, signed by the judge some two years after the first trial. We are at a loss to see why the judge should have signed it as he did. It, he states, was made simply from memory, without minutes, and, so far as we can see, without any exceptions having been taken at the time. It is for the judge to determine in the first place whether, under the law, he is bound to sign a bill of exceptions; whether the party demanding it has conformed to the law in preserving the exceptions, and has made up and presented his bill as required by the law, and has, in other respects, a legal right to demand his signature to the bill. The signing of the bill is a solemn official act, which should never be performed unless required by law, and is calculated to produce injury to the opposite party, at least to the extent of contesting it in this court, when improperly signed.

*Judgment affirmed.*