RODNEY McDOLE

v.

S. P. McDOLE.

*Filed at Ottawa May 10, 1883.*

1. ACTION—*splitting of entire cause of action—bar to second suit.* A party can not split an entire cause of action, and bring two or more suits to recover different portions of the same debt. If he sues for and recovers a part of an entire demand or debt, the judgment is a bar to a second suit for the balance.

2.  SAME—*when two or more actions may be brought on same contract, as for separate demands.*   Where a lease provides for the payment of a given sum annually, separate actions may be brought upon the lease for each year's rent, and if, when suit is brought for one year's rent, the rent on the following year is then due, a judgment for the first is no bar to a second action for the rent of the subsequent year.

3.  The statute requiring parties in suits before justices of the peace to consolidate all their respective demands, or be barred from a further action, and the decisions thereon, have no bearing or application to suits brought in courts of record.

4.  PLEADING—*assigning further breaches in suit on penal bond.*   In an action on a penal bond conditioned for the payment of a specified sum annually, as rent of premises, where the only breach assigned is the failure to pay the rent of the year ending in 1880, the plaintiff may afterward assign as a further breach the non-payment of the rent of the year ending in 1881, although the suit was brought after the rent of both years was due.

5.  Any breach of the condition of a penal bond for which damages have not already been assessed, forms the proper subject matter of a new assignment.   And the statute applies to other bonds for the performance of covenants besides official bonds.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the County Court of Kane county; the Hon. J. W. RANSTEAD, Judge, presiding.

Mr. A. J. HOPKINS, and Mr. N. J. ALDRICH, for the appellant:

Under the contract each year's rent constitutes a separate and distinct cause of action.   The $600 in question is not an installment of money due, but is the full contract price for the rent of the farm for one year.   The bond is not entire and indivisible, but embraces separate contracts, upon which separate suits may be brought.   *Badger* v. *Titcomb,* 15 Pick. 409; *Perry* v. *Herrington,* 2 Metc. 368; *Sparhawk et ux.* v. *Willis,* 6 Gray, 163; *Andover Savings Bank* v. *Adams,* 1 Allen, 128; *Dulaney* v. *Payne et al.* 101 Ill. 331; *Wehrly* v. *Morfoot,* 103 id. 185; *Phillips* v. *Banks,* 16 Johns. 136.

Under the statute the plaintiff may recover in this proceeding by making a further assignment of a breach of the con-

ditions of the bond, without bringing a new suit. Rev. Stat. chap. 110, sec. 21; *People* v. *Compher et al.* 14 Ill. 447.

This remedy applies to penal bonds as well as to official bonds. *Dent* v. *Davison,* 52 Ill. 110.

. Mr. Eugene Canfield, and Mr. R. P.. Goodwin, for the appellee:

A plaintiff will not be allowed to split up an entire cause of action, so as to bring two or more suits for different portions of the same debt. *Gray et al.* v. *Gillilan,* 15 Ill. 459; *Dalton et al.* v. *Bentley,* 15 id. 420; *Hamilton* v. *Quimby,* 46 id. ·90; *Rosenmuller et al.* v. *Lampe,* 89 id. 213; *Matthias* v. *Cook,* 31 id. 83; *Camp* v. *Morgan,* 21 id. 255; *Duchess of Kingston's case,* 2 Smith's L. C. 669, and cases cited; *Stockton* v. *Ford,* 18 How. 418; *Dulaney* v. *Payne,* 101 Ill. 325; *Phillips* v. *Besick,* 16 Johns. 136; *Girling* v. *Alden,* 1 Lev. 464; *Nickerson* v. *Rockwell,* 90 Ill. 461; *Warner* v. *Coming,* 6 Cush. 104; Freeman on Judgments, (3d ed.) secs. 238, 240; *Smith* v. *Jones,* 15 Johns. 229; *Bendernagle et al.* v. *Cocks,* 19 Wend. 209; *Lord Bagot* v. *William,* 3 B. & C. 235; *Casselberry* v. *Forquer,* 27 Ill. 170; *Lucas* v. *LeCompte,* 42 id. 303.

In this ·case the contract is entire, and there is but one agreement to pay rent.

Has section 21 of our Practice act changed the common law rule? The statute provides that the judgment for the penalty shall stand as security for such other breaches as may afterwards happen. *Dent* v. *Davison,* 52 Ill. 109.

The case of *People* v. *Compher,* 14 Ill. 447, is not analogous to this. The bond there stood as security for several different persons, and the writ of inquiry was sued out by a different party.

A reference to the English authorities will show that those courts have always held that the damages to be recovered upon writ of inquiry issued under their statute must be for future breaches, and such as have happened subsequent to

the beginning of the suit in which the original judgment was obtained. *Collins* v. *Collins*, 2 Burr. 821; *Gainford* v. *Griffith*, 1 Saund. 58, note 1; 2 Tidds' Prac. 1008-13; *White* v. *Sealy*, Doug. 49; *Duchess of Kingston's case*, 2 Smith's L. C. 674.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 13th day of August, 1881, Rodney McDole brought an action of debt against S. P. McDole, in the county court of Kane county, the summons returnable at the September term of the court. The action was brought to recover one year's rent, to-wit, rent from the 22d day of April, 1879, to the 22d day of April, 1880, on a certain bond, in the words and figures following:

"Know all men by these presents, that I, S. P. McDole, of Sugar Grove, Kane county, Ill., am held and firmly bound unto Rodney McDole, in the penal sum of $5000, for the payment of which, well and truly to be made, I bind myself, my heirs, executors and administrators, jointly, severally and firmly by these presents.

"Witness my hand and seal this 22d day of April, A. D. 1875.

"The condition of the above obligation is such, that whereas the above bounden S. P. McDole has rented of said Rodney McDole all of the farms now occupied by him, said S. P. McDole, and owned by said Rodney McDole, for and during the term of the life of said Rodney McDole, and one year thereafter, to Abigail McDole, if she survives him, for the sum of $600 per year, to be paid annually. Now, therefore, if the said S. P. McDole shall pay unto said Rodney McDole the sum of $600 on or before the 22d day of April each and every year of his, said Rodney McDole's, natural life, and one year thereafter, to Abigail McDole, then this obligation is to be null and void, otherwise to remain in full force and virtue.

S. P. McDole.    [SEAL.]"

On the return day of the summons the defendant appeared and filed a plea to the declaration, to which a demurrer was sustained, and judgment rendered in debt for $5000, the penalty of the bond, damages $650.20, for the breach assigned. Execution was issued upon the judgment, and the damages collected. After the collection of the judgment, and on the 18th day of November, 1881, the plaintiff in the action served a written notice on the defendant that he would appear in the county court of said county on the first day of the December term, 1881, and make application to the court for leave to sue out a writ of inquiry to assess damages for a further breach of the conditions of the bond, for a failure of defendant to pay plaintiff the amount of rent due from the 22d day of April, 1880, to the 22d of April, 1881. On the day named in the notice plaintiff filed a further assignment of breaches on the bond, as follows:

"And for a further assignment of the breaches of the covenants and conditions of the bond in the declaration herein mentioned, and by leave of the court first had and obtained, the said plaintiff, Rodney McDole, says that the said defendant, S. P. McDole, was, and has been, in the continued, uninterrupted and peaceable possession and occupancy of said premises in said bond and declaration mentioned, for and during the year, commencing on the 22d day of April, A. D. 1880, and ending on the 22d day of April, 1881, and thereby the said defendant, S. P. McDole, became and was liable to pay to the plaintiff, Rodney McDole, another installment of $600 rent on said bond for the year aforesaid, which became due on said 22d day of April, A. D. 1881. And plaintiff avers that the said defendant, S. P. McDole, has neglected and refused, though requested, to pay," etc.

The defendant appeared, and the cause was submitted on the following stipulation:

"It is hereby stipulated by and between the parties that the facts in this proceeding are as follows: That the said

defendant has been in the uninterrupted possession of the farm mentioned in the bond originally sued on in the said suit, a copy of which is filed with the declaration therein, from the time of its date, under the said bond and demise therein mentioned; that the breach originally declared on was for the installment of rent secured by said bond for the year commencing on the 22d day of April, A. D. 1879, and ending on the 22d day of April, A. D. 1880; that at the time of the commencement of said suit in which the said judgment was recovered, to-wit, on the 13th day of August, A. D. 1881, there was due on said bond, and unpaid, not only the said installment due April 22, 1880, but also another yearly installment, being for the year commencing on the 22d day of April, A. D. 1880, and ending on the 22d day of April, A. D. 1881, which said last mentioned installment, with interest thereon, only, is what the plaintiff seeks to have assessed in this proceeding; that the said judgment for $650.20 damages, together with the interest thereon, and the costs taxed in said cause, (except the costs of this proceeding,) have been paid and satisfied by the defendant, and before the institution of this proceeding; that the question to be determined is, whether the commencement of the said suit for one, only, of the two installments then due, the recovery of the judgment for such one installment, and its satisfaction, in law bars the plaintiff from now, in this proceeding, recovering the second installment due, as aforesaid, at the time of the commencement of said suit; and whether the satisfaction of said judgment was not also, in law, the satisfaction of the said second installment so due as aforesaid,— it being conceded that no other payment of said installment so due April 22, 1881, has been made. It is further stipulated that no other pleadings other than those filed need be filed by either party, or other proceedings had, to raise the said question so to be determined, but said matter shall be determined by the court upon the said record and this stipu-

lation as though all matters were specially pleaded, a jury being waived by both of said parties, and without further evidence. The plaintiff is either entitled to an assessment for the sum of $600, with interest from the 22d day of April, A. D. 1881, or judgment in this proceeding must be rendered for the defendant."

The court, upon the facts, rendered judgment for defendant, which, on appeal, was affirmed in the Appellate Court.

It may be regarded as a uniform and well-settled rule of law that a party can not split an entire cause of action, and bring two or more suits to recover different portions of the same debt. This rule is founded on a sound principle of public policy, which forbids the commencement and prosecution of vexatious law suits. Where a demand is entire, no reason can be perceived why it should be split up into two or more actions, and thus subject a debtor to the payment of useless and unnecessary costs. But the question to be determined here is, whether the demand in question, within the meaning of the law, is to be regarded as entire, or is it capable of division into two separate and distinct causes of action. As has been seen, the bond which contains the contract required the payment of $600 on the 22d day of April of each year. At the time the action of debt was brought there was due $600 April 22, 1880, and $600 April 22, 1881, but the plaintiff sued only for, and recovered only, the installment due April 22, 1880. If the installments due under the bond were separate demands, the judgment would not bar a recovery for the second $600 due; but if the whole amount due when the action was brought constituted an entire demand, it follows that the judgment for a part would bar a recovery for the balance.

This court has held, in several cases, that where a contract for the payment of money is executed, payable in two or more years, with interest, annually, at a given rate, the holder of the contract may, at the end of the year, sue and

recover the interest. In *Dulaney* v. *Payne*, 101 Ill. 325, where
a note was given payable in one year from the date thereof,
with interest payable semi-annually, two years thereafter a
suit was brought to recover the interest then due, and judg-
ment was rendered for the interest, it was held that such
judgment would be no bar to a subsequent action on the note
to recover the principal. It was also held that the promise
to pay interest was a distinct cause of action from the prom-
ise to pay the principal. This case was followed by *Wehrly*
v. *Morfoot*, 103 Ill. 185, where a similar question arose, and
the same doctrine was announced. If separate actions may
be maintained upon a note which contains a promise to pay
interest at one time, and principal at another and a different
time, as was held in the *Dulaney case*, upon the same prin-
ciple, and for a like reason, a separate action may be brought
upon a bond providing for the payment of a specified amount
of money at specified annual periods.

Several decisions of this court, based upon a statute requir-
ing a party commencing a suit before a justice of the peace
to consolidate all his demands which are of such a nature
as to be consolidated, have been cited, and are relied upon
as authority,—such as *Lucas* v. *LeCompte*, 42 Ill. 303. But
these cases, being based upon a statute in regard to actions
brought before a justice of the peace, can have no bearing on
a case brought in a court of record upon a demand like the
one involved in this case. *Casselberry* v. *Forquer*, 27 Ill. 170,
has also been cited, but in that case the lease provided for
an annual rental of $150. At the time suit was brought, one
year's rent,—that is, $150,—was due, and the court held that
this $150 was an entire demand, which could not be split
into two actions before a justice of the peace. The principle
decided in that case does not militate against what is said in
this case.

The second question presented by the record is, whether a
recovery can be had in this proceeding, or shall the plaintiff

be required to resort to a new action. The proceedings to assign damages in this case were commenced under sec. 21, chap. 110, Rev. Stat. 1874, which provides: "In actions brought on penal bonds conditioned for the performance of covenant, the plaintiff shall set out the conditions thereof, and may assign in his declaration as many breaches as he may think fit, and the jury, whether on trial of the issue or of inquiry, shall assess the damages for so many breaches as the plaintiff shall prove, and the judgment for the penalty shall stand as a security for such other breaches as may afterwards happen, and the plaintiff may, at any time afterwards, sue out a writ of inquiry to assess damages for the breach of any covenant or covenants contained in such bond subsequent to the former trial or inquiry, and whenever execution shall be issued on such judgment, the clerk shall indorse thereon the amount of damages assessed by the jury, with the costs of suit, and the sheriff or coroner shall only collect the amount so indorsed: *Provided,* that in all cases where a writ of inquiry of damages shall be issued for any such breaches subsequent to the first trial or inquiry, the defendant, or his agent or attorney, shall have at least ten days' notice, in writing, of the time of executing the same." It is contended that under the statute the judgment for the penalty of the bond stands only for such breaches as may afterwards happen, and as the rent sought to be recovered here was due before the judgment for the penalty of the bond, the writ of inquiry to assess damages will not lie. This question was settled in *The People* v. *Compher,* 14 Ill. 447, where it was expressly held that any breach of the conditions of the bond for which damages have not already been assessed, forms the proper subject matter of a new assignment and assessment. This case arose on an official bond, but in *Dent* v. *Davison,* 52 Ill. 109, it was held that the statute also applied to other penal bonds conditioned for the performance of covenants. There are certain expressions used by the

court in the opinion in the case last cited, which, it is contended, lay down the rule that breaches can only be assigned for such damages as may have been sustained after the action was brought on the bond; but upon an examination of the case it will be found that nothing is decided that militates against the doctrine announced in *The People* v. *Compher*.

In conclusion, we are of opinion that the judgment of the Appellate Court should be reversed, and the cause remanded.

*Judgment reversed.*