## NICHOLAS REEB ET AL.

### v.

## FRITZ BOSCH ET AL.

1. PRACTICE—TRIAL OF WRIT OF INQUIRY.—Judges of courts can enter no orders in vacation except such as may be expressly authorized by the statute, and the judge of the county court has no jurisdiction to hear the trial in vacation upon a writ of inquiry under the statute to assess damages for further breaches of covenants in an appeal bond.

2. SAME—SUIT PENDING.—Another suit pending on appeal in the same court is no bar to this suit regarding the same matter so long as there was no final judgment conclusive upon the parties.

3. WRIT OF INQUIRY.—A statutory writ of inquiry to assess damages on subsequent breaches of covenants in a bond differs from the common law writ of inquiry on default entered, in that on the trial of the former, the defendant can plead any defense to the subject-matter of the new assignment that he could have done originally if it had been a part of the declaration, while in the common law writ, by the default, the defendant conclusively admits his indebtedness upon the cause alleged to some amount, and the writ is issued merely to determine the amount of the judgment.

Reeb v. Bosch.

APPEAL from the County Court of St. Clair county; the Hon. W. J. UNDERWOOD, Judge, presiding.    Opinion filed November 27, 1885.

Appellees recovered a judgment in the Circuit Court of St. Clair county, against William Homeir and August Stocks for $257.50 and costs of suit, from which an appeal was taken to this court.    The appeal was dismissed at the February term, 1885, of this court.

The appeal bond was signed by these appellants as sureties. Suit was brought upon the appeal bond to the March term, A. D. 1885, of the County Court of St. Clair county, when judgment was rendered against appellants for $400, the penalty of the bond for the debt, and for $183.26 as damages, being the amount due upon the former judgment exclusive of the costs of the suit in that case.

Only one breach was assigned upon the bond in that suit: the failure to pay the judgment.    Afterward the plaintiffs were compelled to pay their own costs in the original cause, and then commenced another suit upon the bond before a justice of the peace to recover the costs thus paid, and from the decisions of the justice an appeal was taken to the county court. Pending this appeal the plaintiffs instituted this proceeding by filing a suggestion of a further breach of the bond in the original suit brought upon the bond in the county court, and the judge of that court heard the cause in vacation, and rendered judgment for the further sum of $57.65, being the amount of the cost in the original suit, and which had been paid by the plaintiff after judgment in that cause.    From this assessment of damages this appeal is prosecuted.

Mr. C. H. PATTON, for appellants.

Messrs. TURNER & HOLDER, for appellees.

PILLSBURY, P. J.    It is stipulated that the recovery in the suit on the bond was had upon the one breach assigned, the non-payment of the judgment for damages, and did not include

the costs. The statute requires an appeal bond to be conditioned for the prosecution of the appeal, for the payment of the judgment, interests, damages and costs, in case the judgment is affirmed. The non-payment of either would then be a breach of the bond for which an action would lie upon it. The payment of the judgment, interests, and damages would not discharge the bond, if the costs remained unpaid.

Under the authority of the cases of McDole v. McDole, 106 Ill. 452, and People v. Harmon, 15 Bradwell, 190, there can be no ground for supposing that the recovery upon the bond for the breach alleged would be a bar to a suggestion of a further breach filed under the statute allowing the proceeding. Neither was the suit commenced before the justice, and then pending on appeal in the county court, a matter to be relied upon as a bar to this proceeding. There was no final judgment conclusive upon the parties. At most, if available in any way, it was matter in abatement only and should have been so pleaded. Besides the penalty of the bond had already been passed into a judgment for the debt, and under the statute stood as further security for other breaches. In our opinion, however, the county judge had no power to try the cause and render judgment upon the breach alleged in vacation. The breach newly assigned in effect becomes a part of the original declaration, upon which the same issue can be formed respecting the cause of action therein assigned as could have been done if it had been a part of the declaration, except that the defendant is concluded by the former judgment from attacking the validity of the bond or the force and effect of the judgment forfeiting it. No liability is admitted upon the breach alleged. He can plead "any defense to the subject-matter of the new assignment that he could have done originally if it had been a part of the declaration. And herein the proceeding differs from a writ of inquiry issued as at common law upon default entered. By the default the defendant conclusively admits his indebtedness upon the cause alleged to some amount, and the writ of inquiry is issued to determine the sum for which judgment should be entered.

Final judgment for the plaintiff in contemplation of law has

already been entered, but as the court is not advised of the exact amount of damages sustained, the writ of inquiry goes to ascertain it.   All the defendant can do upon such inquiry is to reduce the amount of recovery.   He can not deny the cause of action nor introduce evidence to defeat it.   As we understand the statute and the practice obtaining in proceedings like the present, these strict rules are not applied to the defendant.   As has been said he may plead to and deny any liability arising out of the facts alleged in the new assignment, except as stated.   He may show that he was never liable or that the cause of action has been satisfied.   Even if he should allow a default to be entered against him in the cause for the breaches originally assigned, he would not be precluded from defending against breaches subsequently suggested.   As to the former he may have no defense but may have to the latter.   A defendant surely can admit the right of recovery upon some of the breaches assigned and deny it upon others, and no reason is perceived why he can not do this, whether the breaches are suggested in the original declaration or subsequently suggested under the statute.   Judges of courts can enter no orders in vacation except such as may be expressly authorized by the statute (Blair v. Reading, 96 Ill. 600), and we fail to find any authority therein for the county judge to take jurisdiction of the cause and determine it in vacation, as was done in this case ; the judgment for this cause must be reversed and the cause remanded.

Judgment reversed.