## Thomas S. Corrigan v. J. J. Reilly et al.

1. LIMITATIONS—*The Statute Must be Pleaded.*—The rule is uniform that the defense of the statute of limitations must be pleaded by one who relies thereon.

2. PRACTICE—*Where the Statute of Limitations is Pleaded.*—A plaintiff in an action upon a promissory note is not bound to set out in his declaration the facts which take his action out of the bar of the statute. The proper practice in such cases is to declare upon the original obligation, and if the statute is interposed as a defense, to set up facts in avoidance by replication.

3. COURTS—*Power at Subsequent Terms.*—When a judgment is rendered at the June term, and no time given within which to present a bill of exceptions, the court can not at the October term, from its recollection, by signing a bill of exceptions, add to or take from the record made at the June term.

4. PROMISSORY NOTES—*Made Prior to the Revision of 1872 Limitations.*—To a note made May 22, 1867, payable six months after date, a proper plea of the statute of limitations is that in force prior to the revision of 1872, being that the cause of action did not accrue within sixteen years.

Corrigan v. Reilly.

**Assumpsit**, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

PRENTISS, HALL & GREGG and A. M. LASLEY, attorneys for appellant.

STEELE & ROBERTS, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of court overruling appellant's motion, made July 8, 1895, the June term, to set aside and vacate a judgment rendered that day. The order appealed from was made September 30, 1895, the September term.

The declaration contains a count upon a promissory note, described as made May 23, 1867, payable six months after date; and also includes several of the common counts.

The defendant pleaded the general issue and that the cause of action did not accrue within ten years.

The plaintiff replied, alleging a payment of $20 March 11, 1895, and a written promise at that time by the defendant to pay the sum still remaining due.

The defendant rejoined that the action did not accrue within ten years, etc., and denied the payment of the $20 set forth in plaintiff's replication, and denied the promise to pay.

Issue was joined, and the trial had. A verdict and judgment was rendered for the plaintiff.

Appellant contends that there was no necessity for pleading the statute of limitations; that the declaration upon the note showing that it became due in 1867, and that suit was brought thereon in 1894, disclosed no cause of action.

The rule is uniform that the defense of the statute of limitations must be pleaded by one who relies thereon. Borders v. Murphy, 78 Ill. 81; Emory v. Keighan, 88 Ill. 482; Burnap v. Wight, 14 Ill. 303; Gebhart v. Adams, 23

Ill. 397; C. & A. R. R. v. Glenney, 28 App. 364; Cornwell v. Broom, Adm'x, 34 App. 392.

Appellee was not bound, in his declaration, to set out the facts which took the action on the note out of the bar of the statute. The proper practice in such cases is to declare upon the original obligation, and if the statute is interposed as a defense, to set up such facts by replication. 1 Chitty's Pleading, 583; Keener v. Crull, 19 Ill. 189; Varner v. Same, 69 Ill. 445; Adams Express Co. v. King, 3 Brad. 316; Brockman v. Sieverling, 6 Brad. 512.

Judgment in this case having been rendered at the June term, 1895, and no time having then been given within which to present a bill of exceptions, the court could not at the October term, 1895, from its recollection, add to or take from the record made three terms previous. There is nothing showing that the court had before it any written memoranda from which it, at the October term could, by signing a bill of exceptions, add to the record of this cause. There is therefore in the record nothing to show upon what evidence the judgment was rendered. The common counts are sufficient to sustain the judgment.

The proper plea of the statute of limitations would have been that in force prior to the revision of 1872; being that the cause of action did not accrue within sixteen years.

The refusal of the Circuit Court to set aside the judgment is affirmed.