### Henry R. Huntington v. Eva Aurand.

1. PRACTICE—*Docketing Causes.*—Where judgment has been obtained on an appeal bond it is not material whether the cause be redocketed before or after further breaches are assigned.

2. SAME—*Leave of Court to File Assignment of Breaches of an Appeal Bond.*—Leave of court need not be obtained to file an assignment of breaches of an appeal bond after judgment thereon. Such an assignment stands for and virtually is a declaration.

3. EVIDENCE—*When Objections Must be Specific.*—The rule is uniform that objections to evidence that may be cured at the trial, must be specifically pointed out, and an objection " to the introduction of said draft of decree " will not be sustained on appeal where the only ground of objection is that the draft is secondary evidence, and that the original decree should have been produced.

4. BONDS—*What Breaches of, May Form the Basis of a Recovery.*—Any breach of the condition of a penal bond, for which damages have not already been assessed, forms the proper subject-matter for a new assignment and assessment, even though such breach may have occurred prior to a former assessment.

Action, to assess damages for breaches of an appeal bond. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

FRANK SCALES and R. FRANKENSTEIN, attorneys for appellant.

F. S. Murphey, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This is a proceeding to assess damages upon an assignment of breaches of the covenants of an appeal bond under Sec. 21 of the Practice Act.

The facts in the case, as stated in appellant's brief, are:

"Ambrose J. Aurand appealed to this court from a decree entered in the Circuit Court of Cook County in favor of appellee here, granting her separate maintenance and an allowance of $50 a month alimony. This court, upon hearing, partially affirmed the decree of the Circuit Court, but reduced the alimony to $30 per month.

Upon appeal to the Supreme Court the case was there affirmed, and after the case was redocketed in the Circuit Court a decree was entered therein in conformity with the opinions of the Appellate and Supreme Courts.

Appellee then brought action against appellant upon his bond for $1,000, given on the appeal from this court to the Supreme Court, and recovered judgment for alimony due for the months of January, February, March and April, 1896, amounting to $120 and interest; also for solicitor's fees, amounting to $200. This case was appealed to the Appellate Court, and at the October term, 1896, partially affirmed, being reversed as to the $200 solicitor's fees.

After the remanding of his last case appellee caused to be filed an assignment of breaches of covenant, under Sec. 21 of the Practice Act, to assess her further damages. The case was tried without formal pleading being asked or required, a jury being waived."

The assignment of breaches was as follows, omitting the title:

"And for a further assignment of breaches of the covenant and conditions of the bond in the declaration herein mentioned, and by leave of court first had and obtained, the said plaintiff, Eva Aurand, says that the final order and decree of the Circuit Court of said county in the said case

of Eva Aurand (plaintiff herein) and the said defendant
Ambrose J. Aurand has remained in full force and effect
from May 16, 1894, up to the present time, unmodified or dis-
charged in any way, whereby and by the terms of said decree
the said defendant Ambrose J. Aurand was ordered and
decreed to pay to the plaintiff $30 at the end of each month,
commencing on the 16th day of May, 1894, until the further
order of said court, for the support of plaintiff, and thereby
the said defendant Ambrose J. Aurand became and was
liable to pay to plaintiff other installments of $30 per month
for her said support on said bond, which became due and
payable on the 16th day of every succeeding month, to wit:
$30 on the 16th day of June, 1894, and on the 16th day of
every succeeding month until the further order of court,
with lawful interest on all deferred payments of said install-
ments.

Plaintiff avers that there is now due and unpaid under
the said decree and bond sued on the following sums and
installments, to-wit, $30 for the month ending November
16, 1895, and $30 on and for the month ending Decem-
ber 16, 1895, and $30 for the month ending May 16, 1896,
and $30 for the month ending June 16, 1896, and $30 for
the month ending July 16, 1896, and $30 for the month
ending August 16, 1896, and $30 for the month ending Sep-
tember, 1896, and $30 for the month ending October 16,
1896, and $30 for the month ending November 16, 1896,
and $30 for the month ending December 16, 1896, and $30
for the month ending January 16, 1897, and also $50 inter-
est on said deferred installments as aforesaid, all which said
sums became and were due on January 16, 1897, together
with costs in the original suit of Aurand v. Aurand.

Avers that defendant Ambrose J. Aurand and Henry R.
Huntington have refused and neglected to pay same, though
often requested, to the damage of plaintiff of $500," etc.

It is urged that this further assignment of breaches was
filed before the cause was redocketed in the Circuit Court
after this court had, upon appeal, partially affirmed the
judgment recovered against appellant in the original action

in debt brought upon the appeal bond signed by him in the case of Aurand v. Aurand—which is the same bond under which these further breaches were assigned. The mandate of this court affirming said judgment was filed in the court below January 6, 1897, and it does not seem to be material whether that cause was redocketed before or after further breaches were assigned.

The cause was redocketed January 22, 1897. The assign-ment of these additional breaches was filed January 15, 1897, and on the same day notice was given that they had been filed, and that on January 27, 1897, which was more than ten days ahead, the court would be moved for an in-quisition of damages on such breaches. That was all the notice that the statute seems to contemplate. Sec. 21 of the Practice Act.

It is also urged that no leave of court was obtained to file the assignment of breaches.

Leave of court need not be first obtained to file an assign-ment of breaches, any more than it need be in order to file a declaration, which an assignment of breaches stands for, and virtually is.

It is next urged that errors were committed in the admis-sion of evidence, and such alleged errors are based upon the admission of the original draft of the decree in Aurand v. Aurand, in which case the appeal bond signed by the ap-pellant was given, and in the admission of a certified copy of that bond.

The draft of a decree ordered to be entered in a cause is not the best evidence of the decree that has been entered, and if there had been a proper objection and exception in-terposed, we should have been obliged to hold that the error was well assigned. The objection made was, merely, " to the introduction of said draft of decree," without specifying any reason therefor. To have been a good objection it should have stated the grounds therefor, so that it could then and there have been obviated by the introduction of the better evidence, or a proper foundation laid for its in-troduction as secondary evidence. The rule is uniform that

objections that may be cured at the trial must be specifically pointed out on the trial. The other alleged error, in admitting a certified copy of the appeal bond, is subject to the same remarks, and also to the further remark that it was immaterial evidence and did no harm. The judgment in the original action brought upon that bond, and which was affirmed upon appeal to this court, established the bond and appellant's liability upon it. The proceeding was for further breaches of it merely.

It is next urged in appellant's brief that it was error to give judgment for the installments of alimony due for the months of November and December, 1895, such installments being due at the time the original action was brought, in May, 1896, against appellant upon the bond executed by him, in which action judgment was obtained for the installments due for the months of January, February, March and April, 1896, for the reason that alimony for those months of November and December was then due and should have been included in that action, and could not be included in this proceeding.

Whether the premises stated in appellant's brief in that regard are borne out by the record of the judgment in the action said to have been begun in May, 1896, we have no means of verifying, that judgment not being in this record. In this suit the breaches assigned are for defaults made in the payment of installments due on the 16th days of those months of November and December, 1895, and also on the 16th days of each of the months of May, 1896, to January, 1897, inclusive, and we have no knowledge, derivable from this record, concerning what has happened with the installments due for other months.

It would seem, however, that the decisions of the Supreme Court in People v. Compher, 14 Ill. 447, and McDole v. McDole, 106 Ill. 452, settle the question against the contention of appellant, upon the facts being as stated by him.

The next point made by appellant is that the judgment is excessive, and, with previous payments, more than exhausts the penalty of his bond.

The penalty of his bond is $1,000. The only payment claimed to have been made by appellant is $123.50, said to be in satisfaction of a former judgment against him upon the bond.

The only evidence of any other payments having been made under the original decree awarding the alimony, was that Aurand, the defendant in that decree, had paid $668.30 for alimony from the entry of the decree up to November, 1895.

It seems to be plain that appellant has no valid defense to the judgment, and it will be affirmed.