Everett J. Brown et al., Appellants, v. The Massachusetts Bonding and Insurance Company et al., Appellees.

1. PRINCIPAL AND SURETY—*construction of bond limiting time to sue.* A clause in a building contractor's bond requiring that suit thereon must be brought within six months after the first breach of contract is not ambiguous and does not mean the first breach for which damages are claimed, and on a failure to complete the building on the day agreed, limitations commence to run on such day.

2. PRINCIPAL AND SURETY—*general rule of construction of bonds.* In construing a contract of suretyship, the court must look to the language of the contract alone to determine what it means, unless there is such ambiguity as renders it doubtful or uncertain.

3. PRINCIPAL AND SURETY—*time to sue may be limited.* A surety has a legal right to limit the time within which suit may be brought against him, and when he does so by a provision in a bond the limitation becomes a part of the contract and should be enforced the same as any other contract.

4. PRINCIPAL AND SURETY—*that entire loss may not be determined does not preclude running of limitations.* In construing a clause in a building contractor's bond requiring that suit must be brought thereon within six months from the first breach of contract to mean that limitations commence to run from the day the building should have been completed and not from the first breach for which damages are claimed, it is immaterial that on the day for the completion of the building the damages could not be definitely determined or recovered for the whole loss, since the Practice Act, section 35, permits the recovery of subsequent damages.

Appeal from the Circuit Court of Macon county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

JACK, DECK & WHITFIELD. for appellants; FREDERICK A. BROWN, of counsel.

McGINLEY & WILEY, for appellee, Massachusetts Bonding & Insurance Co.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This suit was brought by the appellants against the appellees, in the Circuit Court of Macon County, to recover for alleged forfeiture upon a surety bond given to secure the performance of a builder's contract.

The amended declaration contains one special count, and incorporates therein a copy of the builder's contract and the surety bond, and to this declaration the appellees filed the plea of the general issue and nine special pleas. Appellants interposed demurrers to all of the special pleas. The court sustained the demurrers to the second, third, fifth, sixth and seventh special pleas and overruled the same to the first, fourth, eighth and ninth special pleas, and the appellants

elected to abide their demurrers to said first, fourth, eighth and ninth special pleas, whereupon judgment was entered by the court against the appellants for the costs, and thereupon this appeal was perfected, thus bringing the record here for review.

Under the view we take of this case, it will not be necessary to consider any of the pleadings further than the first special plea, which is, in substance, as follows:

"And for a further plea in this behalf, the defendant, the Massachusetts Bonding and Insurance Company, says that the plaintiffs ought not to have their aforesaid action against it, the defendant, because it says the plaintiffs did not commence their aforesaid action against it on or before the expiration of six months from January 15, 1910, but on the contrary thereof, commenced their said action on the 4th day of October, 1910, contrary to the terms and conditions of the said writing obligatory; and this defendant is ready to verify," etc.

It will be observed that this plea raises the question of the liability of the appellee company, because of the failure of the appellants to commence this suit on or before the expiration of six months from January 15, 1910, same being the date when all work under the contract was to have been completed. The language of the builder's contract on this point, as shown by the declaration wherein it is incorporated, is, "all work on this contract to be completed by the 15th day of January, 1910." The condition of the bond, which is set out *in haec verba* in the declaration, so far as it relates to this question, and under which the plea under consideration was filed, is as follows: "That any suit at law, or proceeding in equity, brought on this bond to recover any claim hereunder, must be instituted within six months after the first breach of said contract."

* The record discloses that this suit was brought on the fifth day of October, 1910, which was almost nine

months after the date mentioned as the date for the completion of the whole work under the contract.

Appellants contend that the clause of the bond requiring that suit must be brought within six months after the first breach of the contract, means the first breach for which damages are claimed.

We must look to the language of the contract alone to determine what it means, unless there is such ambiguity as renders it uncertain or doubtful. There is no uncertainty or doubt about the language here used. It will not admit of two constructions. We fail to see how it could state its limitation of liability in clearer language. The rule for the construction of contracts is clearly laid down in the case of Johnson v. Humboldt Ins. Co., 91 Ill. 92, and is stated as follows: "The intention must and can only be sought in the language employed in the instrument itself, and from the ordinary or popular meaning of the words themselves, unless it is apparent they are used in a technical or particular sense."

But if we should concede the interpretation upon the clause of the surety bond urged by the appellant, that "it means the first breach for which damages are claimed," we fail to see how it would be to their advantage, as practically all of the long list of damages as alleged in the declaration resulted from a failure to complete the building according to the terms of the contract on or before the 15th day of January, 1910, the day mentioned for the completion of the whole building.

The appellees herein had a legal right to limit their liability to any time in their undertaking, and when they did so, the limitation became a part of the contract of indemnity and should be enforced the same as any other contract.

It is contended by appellants that at the time mentioned for the completion of the building in the contract, the damages could not be definitely determined nor be successfully forced by suit so as to indemnify

506    APPELLATE COURTS OF ILLINOIS.

Brown v. Mass. Bonding and Ins. Co., 176 Ill. App. 502.

appellants against their whole loss sustained by the breach in the builder's contract.

In this respect appellants are laboring under a misapprehension of the law. They were not required to ascertain and present claims for all of the damages which might accrue at the date at which the building was to be completed. If there was a single breach at that time, they could have instituted their suit under the 35th section of our Practice Act, which is as follows: "In actions brought on penal bonds, conditioned for the performance of covenant, the plaintiff shall set out the conditions thereof, and may assign in his declaration as many breaches as he may think fit; and the jury whether on trial of the issue or of inquiry, shall assess the damages for so many breaches as the plaintiff shall prove, and the judgment for the penalty shall stand as a security for such other breaches as may afterwards happen, and the plaintiff may at any time afterwards sue out a writ of inquiry to assess damages for the breach of any covenant or covenants contained in such bond, subsequent to the former trial or inquiry," etc.

Thus it will be seen appellants were entitled to sue at any time within six months of the first breach, whether that be a failure to complete the building within the time specified in the contract, or in any other respect, and could have recovered and thereafter might have sued out writs of inquiry and assigned subsequent breaches. Dent v. Davidson, 52 Ill. 109 and McDole v. McDole, 106 Ill. 452. The failure of the appellants to avail themselves of the plain provisions of the statute cannot be offered as a reason for denying to the appellees the benefit of the limiting clause of their contract.

In support of the views herein expressed, we cite, Lesher v. U. S. Fidelity & Guaranty Co., 239 Ill. 502, aff'g 144 Ill. App. 632. These authorities discuss fully all of the issues raised in this case, and in those cases the pleadings were identical with those herein.

An examination of them will disclose that they clearly sustain the action of the trial judge in this case, in overruling the demurrers.

For the reasons given the action of the trial judge is approved and the judgment affirmed.

*Affirmed.*